UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MADISON,
    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,
a Michigan limited liability company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Clarence Madison, through counsel, Michigan Consumer Credit Lawyers, states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA.  15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Romulus, Wayne County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC which is a Delaware company that maintains a registered agent in Southfield, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Highland Estates regarding homeowner's association dues (the "Debt").

9. Mr. Madison paid homeowner's association dues in the amount of $125.00 and he paid them quarterly to the association.

10. Mr. Madison fell behind on paying his homeowner's association dues and was approximately $450.00 behind.

11. On or about December 15, 2016, Mr. Madison received a letter from Defendant stating that he owed it $745.00.

12. In its letter, Defendant threatened Mr. Madison by stating that an additional $395.00 would be added to the balance of the alleged Debt if he did not pay it. Defendant attached a Collection Activity and Cost Notice describing what the $395.00 charge was for. The $395.00 was for a "Lien Recording and Discharge Package." This is a violation of the FDCPA in that it includes the threat of future charges for services that had not even existed yet as no lien has currently been recorded and hence, no discharge of lien has been filed.

13. Defendant's "Collection Activity and Cost Notice" that it attached with its above letter contained the following excessive and future charges:

    a. $270.00 for an "FDCPA Compliance Assurance Package/Pre-Lien Notice and a Notice of Intent to Record Lien Package;"

  b. $395.00 for a Lien Recording and Discharge Package;"
  c. $350.00 plus attorney's fees and filing fees for an "Escalated Outreach Package."
  d. $650.00 for a "Post Outreach Lien Enforcement Package;" and
  e. $75.00 per outbound contact for a "Continuing Contact Package."

14. As a result of Defendant's actions, Mr. Madison has suffered damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

18. Defendant is a "debt collector" under the FDCPA.

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

  a. 15 U.S.C. §1692 e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it misrepresented the charges on the letter it sent Plaintiff. Defendant threatened an excessive charge of $395.00 for a "Lien Recording and Discharge" package. No lien has been recorded and thus, no discharge of lien has

been filed. Defendant also did this when it misrepresented the balance of the alleged debt by adding on excessive and future charges.

   b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it attempted to collect excessive charges from Plaintiff and when it threatened excessive charges to Plaintiff for services that had not even existed yet.

   c. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt when Defendant sent Plaintiff the Collection Activity & Cost threatening excessive fees for services that had not even existed yet.

20. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented the charges on the letter that Plaintiff received. Defendant threatened an excessive charge of $395.00 for a "Lien Recording and Discharge" package. No lien has been recorded and thus, no discharge of lien has been filed; and

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252 (e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented the charges on the letter that Plaintiff received. Defendant threatened an excessive charge of $395.00 for a "Lien Recording and Discharge" package. No lien has been recorded and thus, no discharge of lien has been filed;;" and

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

31. Plaintiff has suffered damages as a result of these violations of the MCPA.
32. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

           Respectfully submitted,

           <u>/s/ Gary Nitzkin</u>
           GARY D. NITZKIN (P41155)
           TRAVIS SHACKELFORD (P68710)
           MICHIGAN CONSUMER CREDIT LAWYERS
           Attorneys for Plaintiff
           22142 West Nine Mile Road
           Southfield, MI 48033
           (248) 353-2882
           Fax (248) 353-4840
           Email – gary@micreditlawyer.com

Dated: January 11, 2017