UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MADISON,

    Plaintiff,

v.

                                                    Case No. 17-10085

                                                    Hon. George Caram Steeh

EQUITYEXPERTS.ORG, LLC,
a Michigan limited liability company,

    Defendant.
_____/

OPINION AND ORDER REGARDING CROSS-MOTIONS
FOR SUMMARY JUDGMENT (ECF NOS. 47, 48)

Before the court are the parties' cross-motions for summary judgment, which have been fully briefed. The court finds the briefing sufficient and that its decision would not be significantly aided by oral argument. *See* L.R. 7.1(f)(2).

BACKGROUND FACTS

This case arises under the Fair Debt Collection Practices Act ("FDCPA") and parallel state law. Plaintiff Clarence Madison is a member of a homeowners' association called Highland Estates. The association retained Defendant Equityexperts.org LLC ("Equity Experts") to collect dues owed by Plaintiff. On October 24, 2016, and January 23, 2017, Equity

-1-

Experts sent letters to Plaintiff in an attempt to collect the debt. The October 24 letter stated that a balance of $695 was due. The January 23 letter stated that full payment had not been received and that the balance due, including collection costs, was $1240. Plaintiff's complaint alleges that these letters violated § 1692e of the FDCPA by misrepresenting the character, amount, or legal status of the debt and violated § 1692f(1) by attempting to collect an amount not permitted by law.

## LAW AND ANALYSIS

The FDCPA was enacted "to eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Pertinent to this case, the act bars debt collectors from using "any false, deceptive, or misleading representation or means" to collect a debt, including false representations regarding the "character, amount, or legal status of any debt." *Id.* at §§ 1692e, 1692e(2)(A). In order to establish a claim under § 1692e,

> (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise out of transactions which are "primarily for personal, family, or household purposes"; (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions.

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). Only the fourth element is at issue here.

The court applies the "least sophisticated consumer" standard to determine whether a defendant has used a false, deceptive, or misleading means to collect a debt. *Id.* "This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). Additionally, to violate § 1692e, a statement must be *materially* false or misleading. "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace*, 683 F.3d at 326.

Plaintiff also alleges a violation of § 1692f(1), which prohibits the "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

I. <u>Defendant's Motion</u>

Defendant's motion focuses on the alleged violation of § 1692f. The bylaws of the association provide that an owner shall be "personally liable for the payment of all assessments (including fines for late payment and costs of collection and enforcement of payment) pertinent to his Unit . . . ."

Plaintiff claimed that Defendant charged him collection costs that were not authorized, because Defendant charged him directly rather than charging the association.

Defendant argues that it was authorized by the association's bylaws – the agreement creating the debt – to charge Plaintiff the "costs of collection" and that it is in compliance with § 1692f. Based upon the Sixth Circuit's recent ruling in *Sparks v. Equityexperts.org LLC*, 936 F.3d 348 (2019), Plaintiff concedes that Defendant was entitled to charge him directly for collection costs. Because the issue is no longer in dispute, the court will grant summary judgment in favor of Defendant.

Plaintiff also argues that the collection costs Defendant attempted to collect are excessive or unreasonable, as the balance rose from $695 to $1,240 over a three-month period. *See White v. Fein, Such & Crane, LLP*, 2015 WL 6455142 at *5 (W.D. N.Y. Oct. 26, 2015) ("[T]o the extent that the fees sought are unreasonable, exceed the customary costs for such work, or represent work not actually performed, they are not 'permitted by law' and the attempt to collect such fees would constitute [a] violation of section 1692f(1) of the FDCPA."); *Sparks*, 936 F.3d at 354 ("The Sparkses have not, however, argued that Equity Experts' fees were unreasonably high. . . . Had they, this might have been a different case.").

Plaintiff has not, however, set forth *evidence* demonstrating that Equity Experts' fees are unreasonable. At this stage of the proceedings, mere allegations are insufficient. Plaintiff has not demonstrated that the fees charged by Equity Experts are not "expressly authorized by the agreement creating the debt or permitted by law" in violation of § 1692f(1). The court will grant Defendant's motion on this issue.

Plaintiff also alleges state law claims under the Michigan Occupational Code and the Michigan Collection Practices Act. Plaintiff agrees that Defendant is a licensed collection agency that is not subject to the MCPA and, therefore, abandons his MCPA claim. The parties also agree that Plaintiff's claims under the Michigan Occupational Code mirror his claims under the FDCPA. *See* M.C.L. 339.915(e) (prohibiting the making of an "inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt"). Thus, like his FDCPA claims, Plaintiff's MOC claims fail to the extent they are based upon the allegations discussed above.

II.  Plaintiff's Motion

Plaintiff's motion focuses on alleged violations of § 1692e, which prohibits the use of false, misleading, or deceptive statements to collect a

debt.[1] Plaintiff alleges that Defendant made false or misleading statements in the October 24, 2016, and January 23, 2017 letters. In the October 24 letter, Defendant informed Plaintiff that it was retained to collect a debt that he owed to his homeowners' association. The letter stated: "The association reports that the total amount of the debt is $695.00." ECF No. 47-2 (emphasis added). The letter continued:

> Your membership in the association requires you to pay your share of its common expenses, assessments and other charges. Highland Estates advises us that you have not paid all of your share of these obligations and that this debt represents your unpaid account balance. Your total account balance includes your unpaid association dues and may also include special assessments, interest, fees, fines, attorney's fees and collection costs.

*Id.* Plaintiff contends that the letter is misleading because it gives the impression that Plaintiff's debt to the homeowner's association was $695, when Plaintiff's unpaid dues were $425. The total balance of $695 reflected a $270 fee added by Equity Experts, which was not specifically disclosed in the letter.

In *Fields v. Wilber Law Firm, P.C.*, the plaintiff incurred $122.06 in charges at a veterinary hospital. 383 F.3d 562 (7th Cir. 2004). When

---

[1] The specific violations of § 1692e alleged in the complaint are different from those alleged in Plaintiff's motion for summary judgment. *See* ECF No. 1 at ¶ 19. Defendant has not objected or claimed prejudice and has responded on the merits. Accordingly, the court will address the merits of Plaintiff's arguments.

plaintiff failed to pay the debt, the defendant law firm sent a dunning letter stating that the "account balance" was $388.54. This balance included $250 in attorney's fees to collect the debt, but the letter did not state that the balance included attorney's fees. The Seventh Circuit held that "[e]ven if attorney's fees are authorized by contract, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount was determined if the demand for payment includes add-on expenses like attorney's fees or collection costs." *Id.* at 565.

The *Fields* court noted that an unsophisticated consumer "might logically assume that she simply incurred nearly $400 in charges." *Id.* at 566. The court reasoned:

> By leaving the door open for this assumption to be made, [defendant's] letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt.

*Id.*

The October 24 letter did disclose that "your total account balance . . . *may* also include . . . collection costs" among other fees. It also stated that the "association *reports* that the total amount of the debt is $695.00," giving the impression that the $695 was the amount due to the association,

without "add-on" fees.  At minimum, the letter is ambiguous, leaving it unclear whether additional costs were actually included in the "account balance," and what those additional costs might be.² *See Kistner v. Law Offices of Michael P. Margelefsky, P.C.*, 518 F.3d 433, 440-41 (6th Cir. 2008) ("[C]ourts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.") (citation omitted).

Given the ambiguity of the language in the letter, whether it is materially false, deceptive, or misleading is a question of fact for the jury. *Kistner*, 518 F.3d at 441-43.  *See also Truhn v. Equityexperts.org, LLC*, __ F. Supp.3d __, 2019 WL 6174380 at *4 (E.D. Mich. Nov. 20, 2019) (Goldsmith, J.) (holding that whether Equity Experts' failure to itemize $270 collection fee was materially misleading was a question of fact).  The court will deny Plaintiff's motion on this claim, as well as his parallel claim under the Michigan Occupational Code.  *See* M.C.L. 339.915(e).

Plaintiff also argues that the January 23, 2017 letter he received from Equity Experts violated § 1692e.  The letter stated that "a lien has been

---

² Plaintiffs argue that the letter is also deceptive because it states that the balance "may" include attorney's fees, and Equity Experts never includes attorney's fees in the initial dunning letter.  Equity Experts disputes this by affidavit, creating a question of fact that is not amenable to summary judgment.  *See* ECF No. 55-1.

mailed for recording against your property." The letter further provided that "[a] $395.00 collection fee, actual attorney's fees incurred to prepare the lien and actual filing fees have been charged to your association, who will add these charges to your balance." ECF No. 47-5. The letter stated that the "balance due on this debt is $1240.00." *Id.*

Plaintiff asserts that the letter is false because no actual attorney's fees were incurred to prepare the lien and no actual attorney's fees were charged to the association. Indeed, an Equity Experts representative testified that in Michigan liens are prepared "in house" and not by attorneys. ECF No. 47-6 at PageID 409. Defendant does not defend the truth of the letter, but suggests that the misrepresentation is not material because Plaintiff has not shown that it "had a material effect on his decision-making ability." ECF No. 55 at PageID 615. Defendant does not cite authority for the proposition that Plaintiff must make such a showing. "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace*, 683 F.3d at 326. Representing that that attorney's fees had been incurred and charged to Plaintiff's account, when they had not, and stating that the balance Plaintiff is obligated to pay includes those fees, is a material misrepresentation. It is material because it tends to

mislead an unsophisticated debtor regarding the character of the debt, and impairs his ability to knowledgeably assess its validity. See id.; Fields, 383 F.3d at 565-66; Truhn, 2019 WL 6174380 at *5 (finding misrepresentation that actual filing fees were charged to homeowners' association to be material as a matter of law). The court will grant summary judgment in favor of Plaintiff on this issue, under the FDCPA and the parallel provision under the Michigan Occupational Code.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion for summary judgment (ECF No. 48) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 47) is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

Dated: February 4, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 4, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk